Mathews, J.
delivered the opinion of the court. The plaintiffs and appellants claim a sum of money, mentioned in the petition, as creditors of the insolvent, for several bills of exchange sold or delivered to his use. The district court dismissed this suit and they appealed.
The facts of the case are to be ascertained by a statement made by the counsel, which refers to the deposition of a single witness, in whose deposition, from some cause not easily discoverable (perhaps from error in taking it down or copying it) expressions are to be found not easily reconcilable with each other.
It commences by stating that Grieve requested the house of F. & H. Amelung to purchase from him bills of exchange, on several houses in the northern states, and designated the house of the plaintiffs, as one of those who had such bills for sale. In consequence of which F. & H. Amelung bought bills from the plaintiffs and from other houses also designated to them by Grieve, to whom they delivered the bills, and received from him paper, of which they dispos *633 ed. There was a particular account of these transactions kept between Grieve and F. and H. Amelung, in which he was debited with the bills they delivered to him and credited with the paper which he give in payment. In another part of the deposition, it is stated that F. and H Amelung credited Grieve, with the paper which he delivered to him and debited him with those which they gave in payment of the bills.
This deposition being the principal and almost the only evidence in the cause, this court is bound to weigh it, and as far as possible to deduce the truth from it. From the whole of it taken together, we believe the facts are established that the bills were purchased by F. H. Amelung, on their own account, and credited to Grieve at his request, on his promise to refund to them their advance.
The statement of the counsel further shews that amongst other paper given by F. & H. Amelung in payment to the plaintiffs for the bills were several notes on which Grieve was liable either as maker or indorser, and for which the plaintiffs have been allowed a dividend of his estate. It is also agreed that the bills then sold by the plaintiffs have been paid.
*634 On these facts, we conclude that no contract ever existed between the plaintiffs and Grieve. F. & H. Amelung did not represent him, in the purchase of the bills, but purchased them on their own account, and afterwards sold them to him, as they might have done to any other.
In the pleadings, no combination to defraud the plaintiffs is any where alleged against the parties concerned in this transaction. Payment from the estate of Grieve, as on a contract, is not strongly insisted on by the counsel of the plaintiffs, who rely more, for the support of their claim, on the broad principles of justice and equity, on account of the estate of the insolvent having been increased from the funds of their clients, who have received no retribution therefore. How far such general and indefinite principles of justice and equity could, in any case, be applied to in deciding on the contracts and negociations of men, is very doubtful: but we are clearly of opinion, that they can have no application in the present.
Grieve has either paid F. & H. Amelung, on his contract with them for the bills of exchange, or he is bound to do it, and his estate is still liable. Now, it appears to this court, that there is no principle of law, equity or jus *635 tice that may authorise a decision in favor of the plaintiffs against the estate of Grieve, without any contract, whilst it may be liable on an express agreement between him and F. and H. Amelung to account to them for the same sum, which, for aught that appears on the record, may have been already paid to them. If all persons concerned in this transaction had been brought into court, and the whole subject completely developed, it is possible that the relief claimed by the plaintiffs and appellants might have been granted. As the case now stands, we are of opinion that the district court did not err.
Livingston for the plaintiffs, Moreau for the defendants.
It is therefore ordered, adjudged and decreed. that the judgment be affirmed, with costs.